

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| TERRANCE R. SCHIMKE, VERNEIL KNIGGE, EILEEN K. BRANDENBURG, MINETTE TYLER, and LAUREL LEE HINRICHS, Individually,<br><br>Plaintiffs,<br><br>-vs-<br><br>NEW YORK LIFE INSURANCE & ANNUITY CORPORATION,<br><br>Defendant. | CIV 04-3016<br><br>ORDER AND OPINION |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

New York Life Insurance and Annuity Corporation ("NY"), defendant, has filed another motion (Doc. 54) for summary judgment. Supporting and opposing briefs, affidavits, and statements of material facts have been filed and served by the parties.

The court has previously issued an opinion and order dealing with a previous motion for summary judgment filed by NY. I will not repeat, at least for the most part, the background information as well as the findings and conclusions in such order and opinion.

One of the issues is whether there was a fiduciary relationship between NY, its agent and, on the other hand, its policyholder. NY asserts, and correctly so, that it is a question of law whether a fiduciary relationship exists in a given case. Facts, however, make a great deal of difference in determining whether there was a fiduciary relationship. It is important to examine the entire broker-customer relationship rather than merely the status of the account. Davis v. Merrill, Lynch, Pierce, Fenner & Smith, 906 F.2d 1206, 1216 (8th Cir. 1990). Given the direct involvement and knowledge of NY's agent, Tim

Kattke ("Kattke"), the issue is not as simple as NY would have it. I have no doubt that, almost without exception, a fiduciary duty exists between a security broker and her clients. Under South Dakota law, securities brokers, like real estate brokers, are fiduciaries that owe their customers duties of "utmost good faith, integrity, and loyalty." Davis at 1215. Genuine issues of material fact exist. What are the required standards of "utmost good faith" or "loyalty" or both? Obviously, there is no question in this case as to "integrity." The policyholder, Roger E. Schimke ("Schimke"), may well have been dealing at arms length in connection with the original purchase of the annuities. That is not what we are dealing with, however, in examining what NY and Kattke were required to do in connection with allowing the surrender of the annuities under all the facts of this case. Genuine issues of material fact exist as to required fiduciary standards as well as claims of negligence.

What did Kattke know under the allegations of plaintiffs? He knew that he was twice not allowed to speak with Schimke at the residence of Richard Schmidt ("Rick"), that Rick was purporting to act on behalf of Schimke as to surrendering the two annuities, that it was highly inadvisable to surrender the annuities given the terminal illness of Schimke and the fact that, upon death, the proceeds would be paid without regard to market values, that Kattke was suspicious of Rick and would not assist Rick in the surrender process, that Rick would be contacting NY directly, that it was not the policy of NY to require any signature guarantees or even the use of witnesses or a notarized statement in connection with surrendering annuity policies, and that the "face values" of the annuities amounted to more than $100,000.00. Given all this (and we assume facts to be as alleged by the non-moving parties in connection with a summary judgment motion), did Kattke have a legal duty to contact NY to give them all this information prior to the annuities being surrendered? We assume that the relationship between Kattke and NY was that of agent-principal and that Kattke's omissions or commissions would bind NY. We therefore assume that NY knew what Kattke knew as a matter of law. "Between a

principal and a third party, the principal must bear the burden of an agent who has acted improperly." Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 518 (8th Cir. 1984). NY as a matter of actual fact apparently did not know what Kattke knew, the reason being that Kattke had apparently not alerted them to what he knew and what he suspected.

The purported signatures of Schimke were forged according to plaintiffs' expert witness. Could this have been accomplished with signature guarantees being required? Could this have been accomplished with a notary requirement? Could this so easily have been accomplished with a requirement for two witnesses as to Schimke's signature? These are questions of fact and they are material.

NY has an expert with the opinion that NY's practices as to the surrender of annuities met industry standards. That, however, is not the issue. Industry practices do not answer questions of negligence or breaches of a fiduciary relationship. Industry practices in the trucking industry, for example, may be for drivers to exceed the speed limits. Company "policies" should perhaps be changed to better protect the customers. Davis, f.n. 10 at 1214. Given what NY knew through its agent, was it negligent or a breach of fiduciary responsibility to not require additional safeguards to properly protect Schimke?

NY was clearly cognizant of the advisability of requiring signature guarantees as to mutual funds being transferred. Questions exist as to why such a practice should not "carry over" to annuities. The number of annuities being surrendered on an annual basis does not answer any question as to duty of care under the assumed facts of this case. The fact that NY does not require signature guarantees as to mutual funds unless a single transfer involves more than $100,000.00 answers no question. Many mutual fund companies will permit no transfer without a signature guarantee.

In short, numerous genuine material issues of fact are present here, thus preventing a summary judgment. The motion should be denied.

Now, therefore,

IT IS ORDERED that the motion (Doc. 54) is denied.

Dated this 12th day of March, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J Paepke
 DEPUTY
(SEAL)